The document below is hereby signed.

Signed: February 24, 2010.



_____
S. Martin Teel, Jr.
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

In re                              )
                                   )
KENNETH YUE,                       )    Case No. 10-00146
                                   )    (Chapter 7)
            Debtor.                )    **Not for Publication in**
                                   )    **West's Bankruptcy Reporter**

MEMORANDUM DECISION AND ORDER DIRECTING DEBTOR
TO SUPPLEMENT HIS REQUEST FOR TEMPORARY WAIVER
OF THE PREPETITION CREDIT COUNSELING REQUIREMENT

On exhibit D to the voluntary petition, the debtor has requested a temporary waiver of the prepetition credit counseling requirement based upon exigent circumstances (Dkt. No. 3). The debtor's summary of exigent circumstances states that "[d]ue to shortness of time I was unable to complete credit counseling with the Institute for Financial Literacy prior to filing this petition. I will complete a credit counseling course within a few days."

Section 109(h) of 11 U.S.C. provides that all individuals filing for bankruptcy must obtain an individual or group briefing that outlines the opportunities for available credit counseling and assists the individual in performing a related budget

analysis from an approved non-profit budget and credit counseling agency during the 180-day period preceding the date of the filing of the individual's petition.  11 U.S.C. § 109(h)(1).

Pursuant to 11 U.S.C. § 109(h)(3)(A), the court can waive this requirement temporarily if (i) the debtor certifies that there are exigent circumstances that merit a waiver of the credit counseling requirement, (ii) the debtor certifies that he requested credit counseling services from an approved non-profit budget and credit counseling agency before he filed his petition, but was unable to obtain the necessary services within seven days of the request, and (iii) the court finds good cause to grant the waiver.  This exemption applies only for the first thirty days following the filing of the debtor's petition, and the court may grant a fifteen day extension of the exemption for cause. 11 U.S.C. § 109(h)(3)(B).

Although the debtor's exhibit D refers to a "shortness of time," the debtor has not explained the circumstances that gave rise to this perceived urgency.  Without more information, the court is unable to evaluate whether the debtor was, in fact, faced with exigent circumstances that merit a temporary waiver of the prepetition credit counseling requirement.

Furthermore, even if the debtor had adequately described the exigent circumstances that necessitated the prompt filing of the petition, the debtor has failed to provide adequate information

regarding the debtor's prepetition request or requests to obtain credit counseling and why he was unable to obtain the counseling within seven days of requesting such services.  Rather, the debtor simply represents that he was unable to complete a course prepetition with the Institute for Financial Literacy, and that he will complete a course within a few days.  The court being unable to grant the debtor's request for a temporary waiver without additional information, it is

ORDERED that within 14 days after entry of this order, the debtor shall supplement his request for temporary waiver with a description of the exigent circumstances that the debtor contends merit a temporary waiver of the prepetition credit counseling requirement.  The debtor shall further supplement his request with a description of the prepetition request or requests that he made for credit counseling services, including the date on which such requests were made, the agency or agencies that he contacted, the identity of any individuals with whom he spoke at those agencies, and the reason why the agency or agencies were unable to provide the requested counseling within seven days of the debtor's requests.  It is further

ORDERED that if the debtor fails to supplement his request for waiver in accordance with the foregoing and to the satisfaction of the court, the court shall deny the debtor's request for a temporary waiver of the prepetition credit

counseling requirement and shall have no choice but to dismiss this case based upon the debtor's ineligibility to be a debtor in bankruptcy pursuant to 11 U.S.C. § 109(h).

[Signed and dated above.]

Copies to:
Debtor; Chapter 7 Trustee; Office of United States Trustee.

4